IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | **CRIM. NO.  5:24-CR-10 (MTT)** |
| | : | |
| **JAVIER CORDOVA-TREJO,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

### ORDER[1]

This case is before the Court on the Government's Motion for Revocation of the Magistrate Judge's Order Setting Conditions of Release. (Doc. 5).  For the reasons stated below, the motion is **GRANTED.**

### I.  BACKGROUND

On February 13, 2024, Defendant Javier Cordova-Trejo was indicted on one count of illegal reentry in violation of 8 U.S.C. § 1326(b)(2). (Doc. 1). Defendant was arrested on the indictment in the Northern District of Georgia on or about February 23, 2024, and had his initial appearance in that District the same day. (Doc. 4, Attachments 1 and 5). The Government made an oral motion for detention which the Court denied; however, the order for bond was not executed as the Government indicated its intent to appeal said order. (Doc. 4, Attachment 1). After waiving an identity hearing, Defendant was committed to the Middle District of Georgia for further proceedings. (Doc. 4, Attachments 2 and 6). The Government subsequently filed its Motion for Revocation of

---

[1] At the hearing on the motion, the Court made detailed findings and asked the Government to submit a proposed order.  The proposed order, which was submitted to counsel for Defendant, has been reviewed and revised by the Court.

the Magistrate Judge's Order Setting Conditions of Release pursuant to 18 U.S.C. § 3145(a) and a hearing was held on March 22, 2024.

## II.  ANALYSIS

The review of a magistrate judge's release order is *de novo* and requires the court to exercise independent consideration of all facts properly before it.  *United States v. King*, 849 F.2d 485, 489-90 (11th Cir. 1988).  Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e).

Title 18 U.S.C. § 3142(g) provides four factors the Court should consider in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of the community. They are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

 (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

 The first factor for the Court to consider is the nature and circumstances of the offense charged. Defendant is charged with illegal reentry and the indictment identifies at least three prior removals from the United States, yet Defendant continues to return without proper authorization. Defendant also faces an enhanced penalty range of twenty years due to a prior conviction for a serious violent felony offense, that being aggravated assault with a firearm. In addition, a detainer placed by ICE officials all but guarantees that Defendant will not be present for his upcoming trial term which is scheduled to begin on April 22, 2024. Based on these facts, Defendant does not appear to be amenable to supervision and is a serious flight risk. The evidence presented as to this factor weighs in favor of detention.

 The second factor for the Court to consider is the weight of the evidence against the defendant. The fact that the grand jury returned an indictment establishes that there is probable cause that Defendant committed the offenses charged. Further, as stated above, Defendant has previously been convicted of illegal reentry in the Northern District of Georgia and was again located in the United States, this time in the Middle

District of Georgia. The Court finds that the evidence against Defendant in this case is strong and therefore this factor also weighs in favor of detention.

The third factor under 18 U.S.C. § 3142(g) requires consideration of the history and characteristics of the defendant. Defendant has a criminal history dating back to at least 2008 when he received a sentence for aggravated assault with a firearm. Defendant has been determined to be a member of the MS-13 criminal street gang by both the Georgia Department of Corrections and Immigration and Customs Enforcement. While it appears that Defendant has been productively employed when not incarcerated, the fact remains that he does not have authorization to be present in the United States or to work here. Based on a review of all the evidence submitted on this factor, it also weighs in favor of detention.

The fourth and final factor this Court has to consider is the nature and seriousness of the danger to any person or the community that would be imposed by the defendant's release. As the Eleventh Circuit has made clear, the "concern about safety [must] be given a broader construction than merely danger of harm involving physical violence." *King*, 849 F.2d at 487 n. 2. The Court is hesitant to release into the community a defendant who has a history of violent offenses, including the use of firearms, repeated violations of the law by returning to the United States without authorization, and possible gang activity. This fourth factor also weighs in favor of detention.

### III. CONCLUSION

Based upon the evidence before it, the Court finds by a preponderance of the evidence that no set of conditions of release will assure the presence of the defendant

or the safety of the community. The Government has carried its burden of proving that pretrial detention is warranted in this case. The Motion for Revocation of the Magistrate Judge's Order Setting Conditions of Release (Doc. 5) is **GRANTED**. The release order issued by Judge Cannon of the Northern District of Georgia is **REVOKED**. The Defendant shall remain detained pending trial and is **REMANDED** into the custody of the United States Marshals Service.

    **SO ORDERED**, this 26th day of March, 2024.

                                              S/ Marc T. Treadwell  
                                              MARC T. TREADWELL, CHIEF JUDGE  
                                              UNITED STATES DISTRICT COURT